## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-4197-SVW-RAO | Date | June 15, 2015 |
|---|---|---|---|

| Title | Henry Aaron Duncan v. Reginald Turner et al. |
|---|---|

# JS - 6

**Present: The Honorable**   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**        IN CHAMBERS ORDER REMANDING THE CASE

Generally, removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441; *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). The removing party bears the burden of establishing subject matter jurisdiction. *Gaus*, 980 F.2d at 566.

Reginald Turner ("Turner") removed this case on June 4, 2015, invoking this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. According to the well-pleaded complaint rule, a federal question must inhere from the plaintiff's claims for relief. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 113 (9th Cir. 2000).[1] This case, however, is an unlawful detainer action governed by California law, and it raises no apparent issues of federal law. *See, e.g., Matthew 01 Inv., LLC v. Bloom*, No. CV 15-15-150-SVW-PLA, 2015 U.S. Dist. LEXIS 5641, at *1-2 (C.D. Cal. Jan. 13, 2015); *Burbank Blvd. Apts. Owner LLC v. Cabessa*, No. CV 14-9902-SVW-AJW, 2015 US Dist. LEXIS 3602, at *1-2 (C.D. Cal. Jan. 9, 2015).

Instead of arguing that the complaint raises a federal question, Turner appears to argue that the unlawful detainer violates federal civil rights laws. He cannot, however, establish jurisdiction from a defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983). Turner therefore fails to carry his burden of establishing subject matter jurisdiction.

The Court REMANDS the case to the California Superior Court for the County of Los Angeles.

---

[1] There are exceptions to the well-pleaded complaint rule — the artful pleading doctrine and complete preemption, for example — but they are not relevant to this case.

:

Initials of Preparer        PMC